IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES L. JACK,

    Plaintiff,

v.                            Civil Action No. 3:16CV316

MICHAEL L. CHAPMAN, et al.,

    Defendants.

## MEMORANDUM OPINION

James L. Jack, a Virginia inmate, has submitted this civil action under 42 U.S.C. § 1983.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c), Federal Rule of Civil Procedure Rule 8(a), 20(a),[2]

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] (2) *Defendants*. Persons . . . may be joined in one action as defendants if:
  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
  (B) any question of law or fact common to all defendants will arise in the action.

and Jack's compliance with the Court's May 9, 2017 Memorandum Order. Specifically, by Memorandum Order entered May 9, 2017, the Court directed Jack to submit a particularized complaint. (ECF No. 22.) The Court noted that Jack's submissions failed to provide each named defendant "with fair notice of the facts and legal basis upon which his or her liability rests." (Id. at 2 (citation omitted).) The Court advised Jack that his particularized complaint needed to include a list of named defendants in the first paragraph. (Id.) The particularized complaint also needed to explain why Jack believed each defendant was liable to him. (Id.) Furthermore, the Court warned Jack that if he failed to submit an appropriate particularized complaint that comported with the joinder requirements as set forth in the Memorandum Order, the Court would drop all defendants not properly joined with the first named defendant. (Id. at 3.)

On June 9, 2017, the Court received Jack's Particularized Complaint. (ECF No. 26.) As explained below, the Particularized Complaint fails to comply with the directives of the Court, including the rules regarding joinder.

---

Fed. R. Civ. P. 20(a).

2

## I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court

3

considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the

4

elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, sua sponte, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. JOINDER

The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading. See Fed. R. Civ. P. 20(a). "The 'transaction or occurrence test' of [Rule 20] . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)). "But, Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" Sykes

5

v. Bayer Pharm. Corp., 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting Lovelace v. Lee, No. 7:03cv00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). "And, a court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or delay.'" Id. (quoting Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007)).

In addressing joinder, the Court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). This impulse, however, does not provide a plaintiff free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. See, e.g., George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). Thus, "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." George, 507 F.3d at 607.

"The Court's obligations under the PLRA include review for compliance with Rule 20(a)." Coles v. McNeely, No. 3:11CV130, 2011 WL 3703117, at *3 (E.D. Va. Aug 23, 2011) (citing George, 507 F.3d at 607).

> Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees.

Id. (citing 28 U.S.C. § 1915(g); Showalter v. Johnson, No. 7:08cv00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009) ("To allow [plaintiff] to pay one filing fee yet join disparate claims against dozens of parties flies in the face of the letter and spirit of the PLRA.")

### III. SUMMARY OF CLAIMS AND DEFENDANTS

Jack's Particularized Complaint names thirty-one individuals as defendants. The Court construes Jack's Particularized Complaint to raise the following claims for relief:

Claim One: Defendant Dikeman "violated a police order by placing allegations to a subject on the Internet, via Facebook, alleging a crime that had taken place in Leesburg, Va." (Part. Compl. 2.)

Claim Two: Defendants Dikeman, Rima, and Lowden violated Jack's rights under the Fourth

7

|              | Amendment[3] by arresting him and searching him "without a warrant, or probable cause." (Id.) |
|---|---|
| Claim Three: | Defendants Dikeman, Rima, and Lowden violated Jack's rights under the Fifth[4] and Sixth Amendments[5] by not providing Jack an opportunity to contact his attorney before interrogating him. (Id.) |
| Claim Four:  | Defendants Dikeman, Rima, and Lowden violated Jack's rights under the Fourteenth Amendment[6] by subjecting him to unnecessary use of force, which resulted in Jack's back injury. (Id.) |
| Claim Five:  | Defendants Reeves and Dunseith violated Jack's rights under the Fourteenth |

---

[3] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.

[4] "No person shall . . . be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.

[5] In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

[6] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1. In his Particularized Complaint, Jack states that his Eighth Amendment rights were violated by various Defendants. However, because Jack was a pretrial detainee at the time of the alleged incidents, the Due Process Clause of the Fourteenth Amendment governs his claims. See Robles v. Prince George's Cty., Md., 302 F.3d 262, 269 (4th Cir. 2002) (citation omitted).

8

|                | Amendment by using excessive force against him on February 7, 2015, when Jack was a pretrial detainee. (Id. at 3.) |
|---|---|
| Claim Six: | Defendant Zilke violated Jack's rights under the Fourteenth Amendment by using excessive force against him on February 14, 2015. (Id.) |
| Claim Seven: | Defendants Trinh and Brand violated Jack's rights under the Fourteenth Amendment by using excessive force against him on April 18, 2015. (Id.) |
| Claim Eight: | Defendant Neff violated Jack's rights under the Fourteenth Amendment by sexually harassing Jack on June 21, 2015. (Id. at 4.) |
| Claim Nine: | Defendants Neff and Briggs violated Jack's rights under the First Amendment[7] by confiscating Jack's religious items. (Id.) |
| Claim Ten: | Defendant Snell violated Jack's rights under the Fourteenth Amendment by using excessive force against him on August 3 and 4, 2015. (Id.)[8] |

Jack seeks compensatory and punitive damages. (Id. at 5.)

---

[7] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I.

[8] Jack mentions that a Deputy Bermudez and a Sergeant Freeman were involved in this use of excessive force. (Part. Compl. 4.) Jack, however, did not include these individuals in his list of defendants on the first page of his Particularized Complaint. Because Jack was directed to list all named defendants in the first paragraph of his Particularized Complaint, the Court only considers as defendants those individuals who are listed on the first page of his Particularized Complaint.

9

The Defendants named in Jack's ten claims are all employed by the Loudoun County, Virginia, Sheriff's Department ("LCSD"). Jack's first four claims involve events that occurred during Jack's arrest. His other six claims involve events that occurred during Jack's subsequent incarceration at the Loudoun County Adult Detention Center ("LCADC").

Jack also names as defendants: Michael L. Chapman, Sheriff of Loudoun County, Virginia; Major Manning of the LCSD; Captains Ebersole and Cox of the LCSD; Lieutenant Bradley of the LCSD; Sergeants Hearns and Dumar of the LCSD; Deputies Martin, O'Toole, Brightwell, Morin, and Florres of the LCSD; Nurses Ashley, Deere, Pam, Vicky, and Mosby at the LCADC; and Yvonne Stewart, a physician's assistant at the LCADC. Jack, however, does not even mention these defendants in the body of his Particularized Complaint. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing U.S. ex rel. Brzozowski v. Randall, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Thus, Jack has failed to state a claim against Defendants Chapman, Manning, Ebersole, Cox, Bradley, Hearns, Dumar, Martin, O'Toole, Brightwell, Morin,

Florres, Ashley, Deere, Pam, Vicky, Mosby, and Yvonne Stewart. Accordingly, the claims against these Defendants will be dismissed without prejudice.

Jack also names as defendants Lieutenant Richardson of the LCSD and Nurse Barbra at the LCADC. Jack fails, however, to describe how either Richardson or Barbra allegedly violated his constitutional rights. (See Part. Compl. 3, 4.) Thus, Jack has failed to state a claim for relief against Defendants Richardson and Barbra. Accordingly, his claims against Defendants Richardson and Barbra will also be dismissed without prejudice.

## IV. DISMISSAL OF IMPROPERLY JOINED PARTIES

The Court now proceeds with the analysis outlined in the May 9, 2017 Memorandum Order. The first named defendant in the action is Sean L. Dikeman, a Detective with the LCSD. (Part. Compl. 1.) Dikeman also is named in Claims Two, Three, and Four. Claims Two, Three, and Four also names, as Defendants, Rima and Lowden, Deputies with the LCSD. Accordingly, the action proceeds on Claims One through Four against Dikeman, Rima, and Lowden. Claims Five through Ten will be dismissed without prejudice.[9]

---

[9] The claims against Reeves, Dunseith, Zilke, Trinh, Brand, Neff, Briggs, and Snell neither arise out of the same transaction or occurrence nor present common questions of law and fact as Claims One through Four. "As such, this [Particularized C]omplaint comprises multiple law suits, rather

11

## IV. ANALYSIS OF REMAINING CLAIMS

Jack's remaining claims concern events surrounding his arrest by Dikeman, Rima, and Lowden. In Claim One, Jack alleges that Dikeman "violated a police order by placing allegations to a subject on the Internet, via Facebook, alleging a crime that had taken place in Leesburg, Va." (Part. Compl. 2.) In Claim Two, Jack contends that Dikeman, Rima, and Lowden violated his rights under the Fourth Amendment by arresting him and searching him "without a warrant, or probable cause." (Id.) In Claim Three, Jack argues that Dikeman, Rima, and Lowden violated his rights under the Fifth and Sixth Amendments by refusing to allow Jack to contact his attorney before they interrogated him. (Id.) Finally, in Claim Four, Jack alleges that Dikeman, Rima, and Lowden violated his rights by subjecting him to an unnecessary use of force, which resulted in a back injury. (Id.) At this stage, the Court cannot conclude that those four

---

than one suit." Jackson v. Olsen, No. 3:09CV43, 2010 WL 724023, at *8 (E.D. Va. Mar. 1, 2010) (quoting Canada v. Ray, No. 7:08cv00219, 2009 WL 2448557, at *2 (W.D. Va. Aug. 10, 2009)).

Additionally, through the PLRA, Congress sought to ensure "that the flood of nonmeritorious [prisoner] claims does not submerge and effectively preclude consideration of the allegations with merit." Jones v. Bock, 549 U.S. 199, 203 (2007) (citing Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The requirement that inmates must pay the full filing fee for each separate suit, see 28 U.S.C. § 1915(b)(1), is one of the PLRA's key "reforms designed to filter out the bad claims and facilitate consideration of the good." Id. at 204. To allow an inmate, such as Jack, to "package many lawsuits into one complaint exempts him from such a cost, benefit analysis and thus undercuts the PLRA." Canada, 2009 WL 2448557, at *3.

claims are frivolous or that they fail to state a claim upon which relief can be granted.[10] Accordingly, the Court will continue to process the action with regard to Claims One through Four against Defendants Dikeman, Rima, and Lowden.

## V. CONCLUSION

The action will proceed on Claims One, Two, Three, and Four against Defendants Dikeman, Rima, and Lowden. All other claims and Defendants will be dismissed without prejudice.

The Clerk is directed to send a copy of the Memorandum Opinion to Jack.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 30, 2017

---

[10] It is possible that the remaining Defendants (or fewer than all of them) named in Claims One through Four could demonstrate that one or more claims ought to be dismissed under Fed. R. Civ. P. 12(b)(6). Therefore, this preliminary determination will not foreclose the ability of those Defendants from making such an argument.

13