## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

JAMES L. JACK,

    Plaintiff,

v.                                                            Civil Action No. 3:16CV316

MICHAEL L. CHAPMAN, et al.,

    Defendants.

### MEMORANDUM OPINION

James L. Jack, a Virginia inmate, has submitted this civil action under 42 U.S.C. § 1983. The matter is before the Court on Jack's failure to serve Defendant Rima, the Motion to Dismiss filed by Defendants Sean Dikeman and Joshua Lowden ("Defendants"), and the Court's obligations under 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c). For the reasons stated below, the Motion to Dismiss will be granted and Jack's claims will be dismissed.

### I. FAILURE TO SERVE DEFENDANT RIMA

Under Federal Rule of Civil Procedure 4(m),[1] Jack had 90 days to serve Defendants. Here, that period commenced on

---

[1] Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court

September 22, 2017. While the summons was returned as executed for Defendant Rima, Deputy Rima was not employed with the Loudoun County Sheriff's Office at that time and no one had the authority to accept service on behalf of a former employee. (See ECF No. 33, at 1-2.) Counsel for Defendants Dikeman and Lowden notified Jack of this fact in their submission to the Court on December 13, 2017. (See id.) More than 90 days elapsed and Jack had not served Defendant Rima. Accordingly, by Memorandum Order entered on March 2, 2018, the Court directed Jack, within eleven (11) days of the date of entry thereof, to show good cause why the action against Defendant Rima should not be dismissed without prejudice. Jack has responded, however, he fails to show good cause for his failure to serve Defendant Rima. (ECF No. 43.)

Rule 4(m) requires that, absent a showing of good cause, the Court must dismiss without prejudice any complaint in which the plaintiff fails to serve the defendant within the allotted 90-day period. Fed. R. Civ. P. 4(m). Courts within the Fourth Circuit found good cause to extend the ninety-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." Venable v. Dep't of Corr., No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007)

must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

(quoting Hammad v. Tate Access Floors, Inc., 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Jack makes no showing of good cause for his failure to serve Defendant Rima. Instead, Jack simply states that because he is proceeding in forma pauperis, the Court should "appoint a court investigator to help [Jack] find and serve Deputy Rima." (Response 1 (capitalization corrected).) Jack then briefly repeats his claims against Defendant Rima. Jack fails to provide any information demonstrating that he attempted to find an address for Defendant Rima after counsel for the remaining Defendants notified Jack that Defendant Rima had not been properly served. Neither Jack's incarceration nor his pro se status is sufficient to establish good cause. See, e.g., Hansan v. Fairfax Cty. Sch. Bd., 405 F. App'x 793, 794 (4th Cir. 2010) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)); Hogge v. Stephens, No. 3:09CV582, 2011 WL 4352268, at *2 (E.D. Va. Sept. 16, 2011) (concluding that incarceration is not good cause or excusable neglect justifying a delay in service of process). Because Jack fails to show that he made reasonable and diligent efforts to effectuate service on Defendant Rima, his claims against Defendant Rima will be dismissed without prejudice.

## II.  STANDARD OF REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A.  The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless."  Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.  This principle applies only to factual allegations, however, and "a court

considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the

elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. SUMMARY OF REMAINING CLAIMS

By Memorandum Opinion and Order entered on August 30, 2017, the Court dismissed all claims and Defendants except for the claims against Defendants Dikeman, Lowden, and Rima. The remaining claims are as follows:[2]

Claim One: Defendant Dikeman "violated a police order by placing allegations to a subject on the Internet, via Facebook, alleging a crime that had taken place in Leesburg, Va." (Part. Compl. 2, ECF No. 26.)

Claim Two: Defendants Dikeman and Lowden violated Jack's rights under the Fourth Amendment by arresting him and

---

[2] The Court corrects the capitalization, punctuation, and spelling in the quotations from Jack's submissions.

6

searching him "without a warrant, or probable cause." (Id.)

Claim Three: Defendants Dikeman and Lowden violated Jack's rights under the Fifth and Sixth Amendments by not providing Jack an opportunity to contact his attorney before interrogating him. (Id.)

Claim Four: Defendants Dikeman and Lowden violated Jack's rights under the Fourteenth Amendment[3] by subjecting him to unnecessary use of force, which resulted in Jack's back injury. (Id.)

Jack seeks compensatory and punitive damages. (Id. at 5.)

## IV. STATUTE OF LIMITATIONS

Defendants first argue that Jack's claims are barred by the statute of limitations. Under 28 U.S.C. § 1915(e)(2), the Court must dismiss claims which the relevant statute of limitations clearly bars. Brown v. Harris, No. 3:10CV613, 2012 WL 12383, at *1 (E.D. Va. Jan. 3, 2012) (citing Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-57 (4th Cir. 2006); Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995)). Because no explicit statute of limitations for 42 U.S.C. § 1983 actions exists, the courts borrow the personal injury statute of limitations from the relevant state. Nasim, 64 F.3d at 955

---

[3] In his Particularized Complaint, Jack states that his Eighth Amendment rights were violated by various Defendants. However, because Jack was a pretrial detainee at the time of the alleged incidents, the Due Process Clause of the Fourteenth Amendment governs his claims. See Robles v. Prince George's Cty., Md., 302 F.3d 262, 269 (4th Cir. 2002) (citation omitted).

(citing Wilson v. Garcia, 471 U.S. 261, 266-69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. See Va. Code Ann. § 8.01-243(A) (West 2018). Hence, Jack should have filed his complaint within two years from when the underlying claims accrued. "A claim accrues when the plaintiff becomes aware of his or her injury, United States v. Kubrick, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." Almond v. Sisk, No. 3:08cv138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting Nasim, 64 F.3d at 955). Here, the record reflects that Jack's claims accrued on either May 7 or 8, 2014. (See Part. Compl. 2.) Jack filed the Complaint in this action on May 19, 2016.[4] Thus, he is barred from bringing any claim that accrued prior to May 19, 2014. Although his claims accrued on May 7 or 8, 2014, Jack argues that he has a viable basis for tolling the statute of limitations.

Jack argues that he initially filed the claims brought in this action in a prior case filed in this Court in 2014, making

---

[4] Jack's Complaint was accompanied by a letter to the Court that bears this date and it was postmarked the following day. (ECF No. 1-2, at 1; see ECF No. 1-3, at 1.) Accordingly, for purposes of the present statute of limitations analysis, the Court deems the Complaint filed as of May 19, 2016. See Lewis v. Richmond Cty. Police Dep't, 947 F.2d 733, 736 (4th Cir. 1991) (concluding inmate's civil action was filed for statute of limitation purposes when handed to prison officials for mailing).

8

his claims timely filed. (Resp. Mot. Dismiss 2, ECF No. 40.) In response, Defendants argue that

> Plaintiff's previously dismissed case does not change that Plaintiff filed the above-styled action on May 19, 2016, [] which is more than a year after his prior case was dismissed and (2) outside of the two-year limitations. [] Accordingly, at the time Plaintiff filed his current action the statute of limitations had expired.

(Reply 1-2, ECF No. 41.) Defendants provide no authority for their conclusion that all of Jack's claims are barred by the statute of limitations. Nevertheless, Jack's assertion that all of his claims are timely because he raised them in a prior action is belied by the record.

Jack initially filed a complaint pertaining to his arrest on May 24, 2014 ("2014 Complaint"). See Jack v. Chapman, No. 3:14CV390 (E.D. Va. filed May 24, 2014), ECF No. 1, at 5. In his 2014 Complaint, Jack named Michael L. Chapman, Defendant Dikeman, and an individual named Deputy Lima. Id. at 1-2. Jack did not name Defendant Lowden as a Defendant in that action. Thus, Jack is incorrect that he raised claims against Defendant Lowden in his prior action. Accordingly, any claims against Defendant Lowden are barred by the statute of limitations because Jack failed to bring these claims until May 19, 2016, beyond the two-year limitation period. Accordingly, the claims against Defendant Lowden will be dismissed.

9

With respect to Defendant Dikeman, Jack identified the following allegations against him in his 2014 Complaint:

On May 8, 2014, I was detained by Deputies Lima and Dikeman, Loudoun County Sheriff's Office. While being detained I was illegally searched by these officers and I was subjected to excessive force by these individuals, namely Deputy Lima which resulted in an injury to my back which resulted in me being taken to Inova Hospital's E.R. to receive treatment for my injuries [due] to their negligent actions against me. My Fourth (4th), Sixth (6th), Eighth (8th), and Fourteenth (14th) Amendment rights were violated by the Loudoun Sheriff's Office.

2014 Compl. 4 (capitalization and punctuation corrected).) Thus, Jack argued that he was illegally searched by Defendant Dikeman, which corresponds with Claim Two in the instant Particularized Complaint, and that Defendant Dikeman subjected him to excessive force, which corresponds to Claim Four of the Particularized Complaint. Accordingly, these claims may be timely filed. Defendant Dikeman fails to address adequately whether Jack is entitled to any tolling of the limitation period during the pendency of his prior action, including the period it was before the United States Court of Appeals for the Fourth Circuit. Jack filed the prior action on May 24, 2014, a few weeks after his claims accrued. Jack v. Chapman, No. 3:14CV390 (E.D. Va. filed May 24, 2014), ECF No. 1, at 5. This Court dismissed the action without prejudice on June 25, 2015, the Fourth Circuit dismissed his appeal on October 22, 2015, and the mandate issued on November 13, 2015. Id. ECF Nos. 16-17, 21-23.

Jack filed the initial Complaint in this action on May 19, 2016. Defendant Dikeman fails to demonstrate that Claims Two and Four are barred by the statute of limitations. See, e.g., Tim Cheng-Chien Chang v. Burford, No. 85-2224, 1986 WL 17844, at *2 (4th Cir. Oct. 9, 1986); Al-Amin v. Hanceroth, No. 3:11CV859-HEH, 2013 WL 4853364, at *4 (E.D. Va. Sept. 11, 2013); Stout v. Meletis, No. 3:09CV538, 2012 WL 618688, at *4 (E.D. Va. Feb. 24, 2012).

In Claim One here, Jack argues that on May 7, 2014, Defendant Dikeman "violated a police order by placing allegations to a subject on the Internet, via Facebook, alleging a crime that had taken place in Leesburg, Va." (Part. Compl. 2.) In Claim Three, Jack argues that Defendant Dikeman violated his rights under the Fifth and Sixth Amendments by refusing to allow Jack to contact his attorney before he interrogated him. (Id.) In his 2014 Complaint, Jack failed to raise either claim. Nevertheless, Jack named Defendant Dikeman in his 2014 Complaint. Without any persuasive argument to the contrary, Defendant Dikeman fails to demonstrate that Claims One and Three are barred by the statute of limitations.

## V. MERITS REVIEW OF CLAIMS

### A. Claim One

In Claim One, Jack argues that on May 7, 2014, Defendant Dikeman "violated a police order by placing allegations to a

11

subject on the Internet, via Facebook, alleging a crime that had taken place in Leesburg, Va." (Part. Compl. 2.) In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Jack vaguely asserts that "the[] officer[] named in [Claim One] violated Jack's 4th, 5th, and 6th Amendment[s] of the U.S. Constitution." (Part Compl. 2.) The Court fails to discern, and Jack fails to explain, how Defendant Dikeman's alleged violation of an unidentified "police order" deprived him of a constitutional right or of another right conferred by a law of the United States. Jack's terse allegation fails to state a claim for relief. Accordingly, Claim One will be dismissed.

**B.    Claims Related to Jack's Arrest and Detention (Claims Two and Three)**

**1.    Jacks Claims Are Barred By Heck**

While not well-articulated, in Claims Two and Three, Jack clearly seeks the invalidation or vacation of his criminal convictions.[5] The basic premise behind Jack's allegations, that

---

[5] Jack was convicted in 2015 in the Circuit Court of Loudoun County, Virginia of grand larceny-auto and hit and run, amongst other convictions. Jack was arrested for these crimes on May 8, 2014. See http://ewsocis1.courts.state.va.us/CJISWeb/circuit.jsp

he can vacate or alter his criminal convictions and obtain
monetary damages stemming from his purportedly improper
incarceration, through a civil lawsuit "is legally frivolous
under Heck v. Humphrey, 512 U.S. 477 (1994), and related cases."
Payne v. Virginia, No. 3:07CV337, 2008 WL 1766665, at *2 (E.D.
Va. Apr. 17, 2008). In Heck, the Supreme Court emphasized that
civil tort actions are "not appropriate vehicles for challenging
the validity of outstanding criminal judgments." Heck, 512 U.S.
at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or for
> other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983
> plaintiff must prove that the conviction or sentence
> has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into
> question by a federal court's issuance of a writ of
> habeas corpus, 28 U.S.C. § 2254.

Id. at 486-87 (internal footnote omitted). The Supreme Court
then required that "when a state prisoner seeks damages in a §
1983 suit, the district court must consider whether a judgment
in favor of the plaintiff would necessarily imply the invalidity
of his conviction or sentence; if it would, the complaint must
be dismissed unless the plaintiff can demonstrate that the

---

(select "Loudoun Circuit Court" from drop-down menu and follow
"Begin" button; type "Jack, James," and then follow "Search by
Name" button; then follow hyperlinks for "CR00026626-01" and
"CR00026654-01").

13

conviction or sentence has already been invalidated." Id. at
487.

The Supreme Court has extended Heck to civil rights actions
that do not directly challenge confinement, but instead contest
procedures which necessarily imply unlawful confinement.   See
Edwards v. Balisok, 520 U.S. 641, 646 (1997).   In Balisok, the
Supreme  Court  concluded  that  a  challenge  based  upon  the
purported bias of the decision-maker, necessarily implied the
invalidity of the sanction imposed by the decision-maker and
thus was subject to the bar announced in Heck.   Id.   The Supreme
Court summarized that Heck and the related cases teach that:

> [A] state prisoner's § 1983 action is barred
> (absent  prior  invalidation)—no  matter  the  relief
> sought (damages or equitable relief), no matter the
> target of the prisoner's suit (state conduct leading
> to  conviction  or  internal  prison  proceedings)—if
> success in that action would necessarily demonstrate
> the invalidity of confinement or its duration.

Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

In Claim Two, Jack contends that Defendant Dikeman violated
his rights under the Fourth Amendment by arresting him and
searching him "without a warrant, or probable cause."   (Part
Compl. 2.)   In Claim Three, Jack argues that Defendant Dikeman
violated his rights under the Fifth and Sixth Amendments by
refusing to allow Jack to contact his attorney before they
interrogated him.   (Id.)   Heck and related cases bar Jack's
claims seeking monetary damages because success in this action

14

would necessarily imply the invalidity of his convictions.  See

Wilkinson, 544 U.S. at 79 (citing Preiser v. Rodriquez, 411 U.S.

475, 489 (1973)).  Jack also presents no allegation that the

state court has invalidated his current convictions.  Heck, 512

U.S. at 486-87.  Thus, Jack's claims challenging his search,

arrest, and detention are frivolous.  Wilkinson, 544 U.S. at 81-

82; see Preiser, 411 U.S. at 500 (holding that writ of habeas

corpus is the sole federal remedy when an inmate challenges the

fact of imprisonment and relief sought is finding that the

inmate is entitled to release).  Accordingly, Heck bars Claims

One and Two.

### 2.   Claim Two Is Frivolous

The Court recognizes that the Supreme Court has noted that

certain Fourth Amendment claims potentially may be raised in a

§ 1983 action.  See Heck, 512 U.S. at 487 n.7.[6]  No need exists

to extensively explore the applicability of Heck to Jack's

inchoate Fourth Amendment claim for damages because his claim is

_____

[6] The Court explained:

> For example, a suit for damages attributable to an
> allegedly unreasonable search may lie even if the
> challenged search produced evidence that was
> introduced in a state criminal trial resulting in the
> §  1983 plaintiff's still-outstanding conviction.
> Because of doctrines like independent source and
> inevitable discovery and especially harmless
> error, . . . such a § 1983 action, even if successful,
> would not necessarily imply that the plaintiff's
> conviction was unlawful.

Heck, 512 U.S. at 487 n.7 (internal citations omitted).

15

also frivolous. In support of Claim Two, Jack states, in sum: "On May 8, 2014, the alleged subject was taken into custody by . . . Detective Dikeman. He was searched without a warrant or probable cause. Personal items were taken into evidence against the alleged subject." (Part Compl. 2.) In his Response to the Motion to Dismiss he adds:

> When the Plaintiff was leaving the store he was shopping in, he was rushed by Deputies Lowden and Rina, and the Loudoun County Deputies. They had their guns drawn and pointed at the Plaintiff. They put handcuffs on the Plaintiff and searched his person[] and his effects (bags). This was done without a search warrant or a consent by the Plaintiff. This, in itself, is a seizure within the Fourth Amendment. . . . Defendants continued this search over the Plaintiff's objections.

(Resp. Mot. Dismiss 2, 4.) From Jack's own submissions, the Court determines that this claim is legally and factually frivolous under 28 U.S.C. § 1915(d).

The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. Const. amend. IV. An officer has probable cause to arrest a suspect when "the totality of the circumstances indicate to a reasonable person that a 'suspect has committed, is committing, or is about to commit' a crime." United States v. Humphries, 372 F.3d 653, 659 (4th Cir. 2004) (quoting Michigan v. DeFillippo, 443 U.S, 31, 37 (1979)). The Court finds probable cause to arrest exists when "at the time the arrest occurs, the facts and circumstances within the officer's knowledge would warrant the belief of a

16

prudent person that the arrestee had committed or was committing an offense." United States v. Garcia, 848 F.2d 58, 59-60 (4th Cir. 1988) (quoting United States v. Manbeck, 744 F.2d 360, 376 (4th Cir. 1984)). The probable cause standard requires neither "that the officer's belief be more likely true than false," Anderson v. Caldwell Cty. Sheriff's Office, 524 F. App'x 854, 861 (4th Cir. 2013) (citation omitted), nor that the officer have evidence sufficient to convict the suspect. Brown v. Gilmore, 278 F.3d 362, 367-68 (4th Cir. 2003). Moreover, after a lawful arrest, an officer may search the arrestee's person and the area in the arrestee's immediate control without a warrant. See United States v. Robinson, 414 U.S. 218, 245 (1973); Chimel v. California, 395 U.S. 752, 762-63 (1969).[7] Officers conducting such a search may also seize the arrestee's personal effects that are evidence of the crime, see United States v. Edwards, 415 U.S. 800, 804-05 (1974), or as part of an inventory search. See Illinois v. Lafayette, 462 U.S. 640, 643 (1983).

Section 1915(d), "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual

---

[7] The Court notes that Chimel was abrogated by Arizona v. Gant, 556 U.S. 332 (2009), as it pertains to searches of the passenger compartment of a vehicle which is not relevant here. In the instant action, officers searched Jack's person and bags as he was leaving a store.

17

contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The statement that a court has "the authority to 'pierce the veil of the complaint's factual allegations' means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327). A court need not "accept as 'having an arguable basis in fact,' . . . all allegations that cannot be rebutted by judicially noticeable facts." Id. (quoting Neitzke, 490 U.S. at 325). The Court "may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless' . . . a category encompassing allegations that are 'fanciful,' . . . 'fantastic,' . . . and 'delusional.'" Id. at 32-33 (quoting Neitzke, 490 U.S. at 325, 327-28). Jack's claim that his Fourth Amendment rights were violated because he was searched without probable cause, a warrant, or without his consent[8] is frivolous because it "lacks an arguable basis [both] in law [and] in fact." Neitzke, 490 U.S. at 325.

In this claim, Jack refers to the "alleged subject" and complains that the "alleged suspect" was searched without probable cause, and that his property was taken. Jack contends

---

[8] Jack points the Court to no authority demonstrating that a suspect must consent to a search of his person or that police must stop a search over a suspect's objection.

18

that these allegations "violated Jack's 4th . . . Amendment [rights]." (Part Compl. 2.)  In his Response to the Motion to Dismiss, he substitutes "alleged suspect" with "Plaintiff" and now contends that the "Plaintiff" was searched without a search warrant or with his consent.  From Jack's submissions, it is apparent that the "alleged suspect" is Jack and that as alleged in Claim One, police posted allegations about a crime involving Jack on the Internet.  In support of his claim, Jack cites to an "Information Wanted" flyer that is the subject of Claim One. The "Information Wanted" flyer explains that the "individual pictured above" had been involved in a hit and run while driving a stolen vehicle in the parking lot of an ABC store, and that the ABC store had surveillance photographs of the wanted individual and the stolen vehicle.  (ECF No. 26-1, at 1.)[9] Clearly, the individual pictured in the "Information Wanted" flyer is Jack.

From Jack's own submissions, it is clear that Jack was the suspect of criminal activity, including stealing a vehicle and being involved in a hit and run.  Jack even admits that he was suspected of committing a crime.  (See Part Compl. 2.)  Based on

_____

[9] Jack submitted the "Information Wanted" flyer disseminated to police as an exhibit to his Particularized Complaint and referenced this document in his Particularized Complaint to support his allegations in Claim One that police committed some violation of police policy by creating this "Information Wanted" flyer alleging the individual in the photo was a suspect in a crime.  (Part Compl. 2.)

19

the facts as alleged by Jack, it is evident that a reasonable police officer would have had probable cause to search Jack and the items on his person without a warrant incident to his arrest. Jack's unsupported allegations to the contrary are evidence of his reckless disregard for Defendant Dikeman's "right to be free from harassing litigation." Mercier v. Tandy, 503 F. Supp. 2d 797, 799 (E.D. Va. 2007).[10] Accordingly, Claim Two will be dismissed as frivolous.[11]

---

[10] Jack has filed many § 1983 complaints in this Court through the years, many of which name the officers involved in his arrests for various crimes.

[11] While Claim Three is barred by Heck, it too is frivolous. Jack indicates in his Response to the Motion to Dismiss that his "Sixth Amendment Claim" is based on Miranda v. Arizona, 384 U.S. 436 (1966). (Resp. Mot. Dismiss 5.) The Self-Incrimination Clause requires that "[n]o persons . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. However, a "mere failure to give Miranda warnings does not, by itself, violate a suspect's constitutional rights . . . ." United States v. Patane, 542 U.S. 630, 641 (2004). A plurality of the Supreme Court has explained that "[s]tatements compelled by police interrogations of course may not be used against a defendant at trial, but it is not until their use in a criminal case that a violation of the Self-Incrimination Clause occurs." Chavez v. Martinez, 538 U.S. 760, 767 (2003) (internal citations omitted). Here, Jack "does not allege any trial action that violated his Fifth Amendment rights; thus, ipso facto, his claim fails on the [Chavez] plurality's reasoning." Burrell v. Virginia, 395 F.3d 508, 514 (4th Cir. 2005) (dismissing plaintiff's § 1983 claim where the complaint failed to indicate plaintiff's statements were used in a court proceeding).

Jack also argues that his "Fifth Amendment Claim" is not really a Fifth Amendment claim, but a "due process claim under the Fourteenth Amendment" because "Detective Dikeman took [his] personal property from Plaintiff without his consent" and the items "were not listed on any evidence inventory form." (Resp. Mot. Dismiss 4.) Jack fails to allege facts that plausibly

20

## C. Fourteenth Amendment Claim (Claim Four)

Finally, in Claim Four, Jack alleges that Defendant Dikeman violated his rights by "subject[ing] the Plaintiff to unnecessary use of force in violation of the [Fourteenth] Amendment's clause which resulted in a back injury to Jack in which he still suffers from to this day." (Part Compl. 2.) Jack provides no further factual allegations to support this claim. Jack states nothing more than the legal standard for a Fourteenth Amendment excessive force claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" is insufficient to plausibly give rise to an entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Jack fails to allege facts that plausibly suggest that Defendant Dikeman violated his Fourteenth Amendment rights. Jack's allegations are devoid of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). Because Jack fails to allege sufficient facts indicating that Defendant Dikeman submitted him to excessive force, Claim Four will be dismissed without prejudice.

---

suggest that Defendant Dikeman violated his due process rights with these vague allegations.

### VI.  CONCLUSION

The Motion to Dismiss (ECF No. 35) will be granted.  The claims against Defendants Rima and Lowden will be dismissed without prejudice.  Claims One, Two, and Three against Defendant Dikeman will be dismissed with prejudice.  Claim Four against Defendant Dikeman will be dismissed without prejudice.  The action will be dismissed.

The Clerk is directed to send a copy of the Memorandum Opinion to Jack and counsel of record.

It is so ORDERED.

/s/ _____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 13, 2018